```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

DAVID DECKLER                    :
                                 :
                                 :
v.                               :     CIV. NO. 3:12CV277 (WWE)
                                 :
CLIFFORD OLANDER AND             :
TARGET STORES, INC.              :
```

RULING RE: DEFENDANT'S MOTION TO COMPEL [DOC. # 49]

Plaintiff David Deckler brings this action against defendants Clifford Olander and Target Stores, Inc., claiming significant injuries and damages in connection with a motor vehicle accident on October 27, 2010. Defendants move to compel plaintiff to provide medical records related to treatment for injuries sustained prior to the automobile accident at issue in this case.

Specifically, defendants seek:

(1) all records for treatment received at Crossroads Orthopedic Subspecialists LLC prior to the accident on October 27, 2010;

(2) all records for prior treatment by Dr. Stephen Carlow prior to October 27, 2010;

(3) all records for treatment or consultation for an abnormal gait and foot pain as reflected in chiropractic records dated February 8, 2008;

(4) all records for treatment at Pequot Medical Center on or about June 1, 2009 for a work related back injury;

(5) all records for treatment with Dr. Joseph Zepperi for carpel tunnel syndrome; and,

    (6) all records for treatment at Sound Medical
        Neurosurgical Associates with Patrick Doherty prior to
        October 27, 2010.

For the reasons that follow, defendants' motion to compel [doc. #49] is GRANTED.

<u>DISCUSSION</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See <u>Daval Steel Prods. v. M/V Fakredine</u>, 951 F.2d 1357, 1367 (2d Cir. 1991); <u>Morse/Diesel, Inc. v. Fidelity & Deposit Co.</u>, 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Plaintiff alleges that defendants' negligent operation of a motor vehicle caused plaintiff injuries which, among other things, have exacerbated his pre-existing medical conditions, and have inflicted physical and mental pain. [Doc. #1-1, ¶ 6].

Plaintiff alleges that as a result of the collision, he has lost time from his employment and therefore suffered loss of wages. [Id. at ¶ 10].

Plaintiff has agreed to provide the records from Pequot Medical Center. With regard to records from Dr. Zepperi, plaintiff attests that these records no longer exist because Dr. Zepperi retired from the practice of medicine in 2002 and the office destroyed its records in 2009. [Doc. #55-1, Exhibit A]. Plaintiff objects to producing the remaining categories of documents, arguing that the requested documents are unrelated to plaintiff's claim and an unnecessary intrusion on his personal life and medical history.

As to the remaining documents, given the liberal discovery rules, the Court finds that defendants are entitled to know the extent of plaintiff's treatment prior to the accident in order to defend against plaintiff's allegations that the accident exacerbated his pre-existing medical conditions, an element of his claim for damages. Moreover, the Court rejects plaintiff's claim that defendants are not entitled to records for treatment for abnormal gait and foot pain, or right elbow pain because these were not injured in the accident. At a minimum, based on plaintiff's allegations, defendants are entitled to know the state of plaintiff's health prior to the accident. The Court finds that defendants are entitled to records for treatment

received in the five (5) years prior to the accident.

CONCLUSION

Accordingly, defendants' motion to compel [doc. # 49] is **GRANTED**. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 8th day of May 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE