UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID DECKLER,      Plaintiff, | :<br>:<br>: |
| v. | :   3:12-cv-00277 |
| CLIFFORD OLANDER and<br>TARGET CORPORATION,      Defendants. | :<br>:<br>:<br>: |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff David Deckler alleges negligence, statutory recklessness, and common law recklessness against defendants Clifford Olander and Target Corporation based on an October 27, 2010 automobile accident in East Lyme, Connecticut. Defendants have moved for summary judgment as to the recklessness counts and as to whether Target can be held vicariously liable for the alleged reckless conduct of its employee.

For the following reasons, defendants' motion will be granted in part and denied in part.

## BACKGROUND

The parties submitted statements of facts and exhibits that reveal the following factual background.

On October 27, 2010, plaintiff was driving north on Flanders Road in East Lyme, Connecticut. At the same time and place, Mr. Olander, who worked for Target, was operating a vehicle traveling in the opposite direction. Plaintiff was driving through the intersection of Flanders Road and Industrial Park Road/Chapman Woods Road when Mr. Olander initiated a left turn onto Chapman Woods Road directly into the path of plaintiff's vehicle, causing a collision and resulting in injuries to plaintiff.

Mr. Olander was a project manager on a construction project for Target. At the time of the collision, he was on a coffee run. While traveling on Flanders Road, Mr. Olander attempted to turn around in order to get to a Starbucks that he had passed. It was raining at the time. Mr. Olander testified that he came to a complete stop beyond the stop line at the intersection. As he was preparing to turn left, the light turned from green to yellow. While the light was still yellow, Mr. Olander initiated the lefthand turn and crossed into plaintiff's lane where the two cars met in a head-on collision. The police report from the incident indicates that Mr. Olander was not familiar with the area and that he was issued a ticket for failure to yield to oncoming traffic when making a left-hand-turn.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.

Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

### Recklessness

Plaintiff alleges that defendants were reckless pursuant to Connecticut common law.  The Connecticut Supreme Court has defined recklessness as follows:

> Recklessness is a state of consciousness with reference to the consequences of one's acts.... It is more than negligence, more than gross negligence.... The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.... Wanton misconduct is reckless misconduct.... It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action....

Craig v. Driscoll, 262 Conn. 312, 342 (2003) (internal quotations omitted).

> [W]illful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.... It is at least clear ... that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention.

I.d. at 342-43.  Statutory recklessness, pursuant to Connecticut General Statutes § 14–295 requires the same level of culpability as common law recklessness. See Bishop v. Kelly, 206 Conn. 608, 614 (1988).

### Statutory Recklessness

"As set forth in the statute, the essential components of a properly pleaded statutory recklessness claim under § 14–295 include: deliberate or reckless operation; violation of one or more of the listed statutes; and that the violation was a substantial factor in causing the injury."

Ghimbasan v. S & H Exp., Inc., 814 F. Supp. 2d 120, 123 (D. Conn. 2011).

Plaintiff alleges that Mr. Olander engaged in statutory recklessness in violation of Connecticut General Statutes § 14-295 because he violated Connecticut General Statutes § 14-222 by operating his motor vehicle recklessly without having regard to the width, traffic and use of said highway and because he violated Connecticut General Statutes § 14-218a by operating his motor vehicle at an unreasonable rate of speed given the width, traffic, weather conditions, and use of the roadway and intersection then and there existing.

It's unlikely that a reasonable jury could find that Mr. Olander was operating his vehicle at an unreasonable rate of speed in violation of Connecticut General Statutes § 14-218a.  The police accident report, the police officer's deposition testimony, and Mr. Olander's testimony all indicate that Mr. Olander was waiting at the light immediately before making the lefthand turn.  He had little space in which to accelerate before reaching the point of impact.  Nevertheless, § 14-295 requires only that a defendant violate one statute to be potentially liable for statutory recklessness, and § 14-222 is itself violated by reckless operation without having regard to the width, traffic and use of said highway.

Mr. Olander's thought process, state of mind and attentiveness at the time he ran the yellow light are at issue, as is whether he could have avoided or mitigated the collision.  Moreover, a jury, with the benefit of a comprehensive reconstruction of the event and cross examination of witnesses would be better able to decide if Mr. Olander acted recklessly.  Indeed, "no specific rule can be established which will determine what constitutes reckless or wanton misconduct on any given state of facts, and [] it is a question of fact for the jury." Brock v. Waldron, 127 Conn. 79, 82-83 (1940); See also Frillici v. Town of Westport, 264 Conn. 266, 277

4

(2003).

Although the Court finds the evidence before it indicative of mere negligence, construing the facts in the light most favorable to the plaintiff, there remain genuine issues of material fact as to whether defendant's conduct exhibited a reckless disregard of the just rights or safety of others or of the consequences of his actions. Accordingly, defendants' motion for summary judgment on the recklessness counts will be denied.

**Vicarious Liability**

"[A]t common law, there is no vicarious liability for punitive damages." Matthiessen v. Vanech, 266 Conn. 822, 837 (2003). Connecticut General Statutes § 14-295 does not abrogate the common-law doctrine prohibiting vicarious liability for punitive damages such as that imposed by § 14-295. See Hronis v. EBO Logistics, LLC, 641 F. Supp. 2d 139, 140-42 (D. Conn. 2009); Ghimbasan, 814 F. Supp. 2d at 125-29. Accordingly, Target cannot be held vicariously liable for the alleged reckless conduct of Mr. Olander.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED in part and DENIED in part. Defendants' motion to dismiss plaintiff's recklessness counts (Counts II and III) is DENIED. However, Target cannot be held vicariously liable for the alleged reckless conduct of Mr. Olander.

Dated this 3rd day of February, 2014, at Bridgeport, Connecticut.

                                          /s/
                                  WARREN W. EGINTON
                                  SENIOR UNITED STATES DISTRICT JUDGE